[No. 12422.   In Bank. — February 11, 1888.]

H. H. SCOTT ET AL., PETITIONERS, *v.* SUPERIOR COURT OF YOLO COUNTY, RESPONDENT.

MANDAMUS — APPEAL FROM JUSTICE'S COURT — ADMISSION OF EVIDENCE. — A writ of mandate will not lie to compel the superior court, on the trial of an appeal from the justice's court, to admit certain evidence which had been offered and rejected.

APPLICATION for a writ of mandate to the Superior Court of Yolo County.   The facts are stated in the opinion of the court.

*J. Lambert,* for Petitioners.

McFARLAND, J. — This is a proceeding in *mandamus,* commenced in this court.   An alternative writ (by some inadvertence) was issued.

The petition shows that one Hays obtained judgment against petitioners in a justice's court for $57.50 and costs; that Hays appealed to the superior court, where, on a trial with a jury, he obtained a judgment against petitioners for $70 and costs; that in the superior court petitioners filed a supplemental answer, showing that they had paid the amount of the judgment rendered in the justice's court, and that the superior court (respondent herein) refused to admit evidence tending to prove such payment.   The prayer is, that said superior court be commanded to permit petitioners to introduce such evidence.

All this simply means that this court should by a writ of mandate compel a superior court to reverse its ruling

on a question involving the admissibility of certain of-fered evidence; and this, too, in a case where the supe-rior court is the highest appellate court. Such a question, of course, cannot be reached by a writ of mandate, though it be stretched beyond the point to which the most ex-treme case has ever carried it.

And it is difficult to understand what benefit petition-ers could expect to derive from the writ in this case, even if it should be granted. After a case has been tried, a verdict rendered, and judgment entered, there is nothing upon which such a writ could operate.

The prayer of petitioners is denied and the proceed-ing dismissed.

SEARLS, C. J., THORNTON, J., SHARPSTEIN, J., PATER-SON, J., and McKINSTRY, J., concurred.